**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JANSSEN PHARMACEUTICA N.C., JANSSEN, L.P., and SYNAPTECH, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD., <br><br> Defendants and Counterclaim Plaintiffs. | C. A. No. 05-380 (KAJ) <br><br> **JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIM OF DR. REDDY'S LABORATORIES, LTD.
AND DR. REDDY'S LABORATORIES, INC.**

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (respectively, "Reddy Ltd." and "Reddy, Inc." and collectively, "Defendants"), by and through the undersigned attorneys, answer the Complaint for Patent Infringement of plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Janssen"), as follows:

**The Parties**

1. On information and belief, Defendants admit the allegations of paragraph 1.

2. On information and belief, Defendants admit the allegations of paragraph 2.

3. On information and belief, Defendants admit the allegations of paragraph 3.

4. Defendants admit that Reddy, Inc. is a New Jersey corporation, having its principal place of business at 200 Somerset Corporate Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, New Jersey 08807. Defendants deny the remaining allegations of paragraph 4.

5. Defendants admit that Reddy Ltd. is a public limited liability company incorporated and existing under the laws of India and having a principal place of business at 7-1-27, Ameerpet, Hyderabad 500 016, India. Defendants admit that Reddy, Inc. is a subsidiary of Reddy Ltd. Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit that Reddy, Inc. filed an abbreviated new drug application ("ANDA") No. 77-593 for galantamine hydrobromide tablets. Defendants further admit that portions of Reddy, Inc.'s ANDA No. 77-593 are derived from information provided to it by Reddy Ltd. Defendants further admit that, in the event that the United States Food and Drug Administration ("FDA") approves Reddy, Inc.'s ANDA, Reddy, Inc. intends to market and sell such galantamine hydrobromide tablets. Defendants further admit that Reddy, Inc. markets and sells pharmaceutical products, including generic prescription drug products manufactured and sold pursuant to approved ANDAs. Defendants deny the remaining allegations of paragraph 6.

## Jurisdiction and Venue

7. Paragraph 7 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants admit that Janssen filed a civil action asserting patent infringement arising under Title 35 of the United States Code, for alleged infringement of United States Patent No. 4,663,318 ("the '318 patent"). Defendants deny that Janssen's claims are valid or have merit. Defendants further admit

that, with respect to the claims against them, this Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Reddy, Inc. admits that this Court has personal jurisdiction over Reddy, Inc. for the purposes of this action. Reddy, Inc. denies the remaining allegations of paragraph 8.

9. Reddy, Ltd. admits that this Court has personal jurisdiction over Reddy, Ltd. for the purposes of this action. Reddy, Ltd. denies the remaining allegations of paragraph 9.

10. Reddy, Inc. admits that venue is proper in this district with respect to Reddy, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants deny the remaining allegations of paragraph 10.

**Regulatory Requirements for Approval of New and Generic Drugs**

11. Paragraph 11 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants state that 21 U.S.C. § 355 et seq. speaks for itself. Defendants deny the remaining allegations of paragraph 11.

12. Paragraph 12 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants state that 21 U.S.C. § 355 et seq. speaks for itself. Defendants deny the remaining allegations of paragraph 12.

13. Paragraph 13 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants state that 21 U.S.C. § 355 et seq. speaks for itself. Defendants deny the remaining allegations of paragraph 13.

14. Paragraph 14 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants state that 21 U.S.C. § 355 et seq. speaks for itself. Defendants deny the remaining allegations of paragraph 14.

15. Paragraph 15 contains conclusions of law for which no response is required. To the extent that a response is required, Defendants state that 21 U.S.C. § 355 et seq. speaks for itself. Defendants deny the remaining allegations of paragraph 15.

### Plaintiff's Approved Drug Product

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 17.

18. Defendants admit that the '318 patent is listed in the FDA's Orange Book in connection with NDA No. 21-269.

19. Paragraph 19 contains conclusions of law for which no response is required. To the extent a response is required, Defendants admit that they have not previously challenged the listing of the '318 patent in the Orange Book. Defendants deny the remaining allegations of paragraph 19.

### Reddy's ANDA

20. Defendants admit that Reddy, Inc. has represented that on or before April 29, 2005, Reddy, Inc. submitted to the FDA ANDA No. 77-593 and paragraph IV certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for galantamine hydrobromide tablets bioequivalent to Janssen's 4, 8 and 12 mg base galantamine hydrobromide tablet products. Defendants further admit that Reddy, Inc. filed the ANDA and paragraph IV

certifications to obtain approval under 21 U.S.C. § 505(j) to engage in the commercial manufacture and sale of its proposed galantamine hydrobromide tablets prior to the expiration of the patents listed in the Orange Book for NDA No. 21-269.  Defendants further admit that if Reddy, Inc. obtains such approval from the FDA for ANDA No. 77-593, Reddy, Inc. intends to market in the United States the galantamine hydrobromide products described in the ANDA, and that such marketing may occur before the expiration of the '318 patent.  Defendants deny the remaining allegations of paragraph 20.

21.    Defendants admit that the condition of use for which Reddy, Inc. seeks approval in its ANDA No. 77-593 for its proposed galantamine hydrobromide tablets is the treatment of mild to moderate dementia of the Alzheimer's type.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 21.

22.    Defendants admit that the indication set forth in the proposed labeling submitted by Reddy, Inc. in its ANDA No. 77-593 for its proposed galantamine hydrobromide tablets is the treatment of mild to moderate dementia of the Alzheimer's type.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22.

## Count 1: Patent Infringement

23. Defendants incorporate by reference their answers in paragraphs 1-22 herein.

24. Defendants admit that the '318 patent issued on May 5, 1987 and that a copy of the '318 patent was attached as Exhibit A. Defendants deny the remaining allegations of paragraph 24.

25. Defendants lack knowledge or information to form a belief as to the allegations of paragraph 25.

26. Defendants lack knowledge or information to form a belief as to the allegations of paragraph 26.

27. Defendants lack knowledge or information to form a belief as to the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants admit that the '318 patent existed prior to the filing of ANDA No. 77-593. Defendants deny the remaining allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

## Prayer For Relief

34. With respect to Janssen's prayer for relief, Defendants deny that Janssen is entitled to the judgment and relief prayed for in sub-paragraphs (A)-(G).

## Defenses

### First Defense

35. The manufacture, use, offering to sell, sale, and/or importation of the galantamine hydrobromide tablets that are the subject of ANDA No. 77-593 will not infringe directly or indirectly any valid and enforceable claim of the '318 patent.

### Second Defense

36. Reddy, Inc.'s filing of its ANDA No. 77-593 did not infringe any valid and enforceable claim of the '318 patent.

### Third Defense

37. The Complaint fails to state a claim upon which relief can be granted.

### Fourth Defense

38. Each and every claim of the '318 patent is invalid under 35 U.S.C. § 101.

### Fifth Defense

39. Each and every claim of the '318 patent is invalid under 35 U.S.C. § 102.

### Sixth Defense

40. Each and every claim of the '318 patent is invalid under 35 U.S.C. § 103.

### Seventh Defense

41. Each and every claim of the '318 patent is invalid under 35 U.S.C. § 112.

### Eighth Defense

42. Each and every claim of the '318 patent is invalid under 35 U.S.C. § 116.

**WHEREFORE**, Defendants pray for relief as follows:

(A) That the Complaint against them be dismissed with prejudice and that Janssen take nothing thereby;

(B)    That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

(C)    That Defendants be awarded their attorneys fees and costs of suit; and

(D)    That the Court award such other and further relief as this Court may deem just and proper.

## Counterclaims

Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (respectively, "Reddy Ltd." and "Reddy, Inc." and collectively, "Defendants"), for their counterclaims against Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Janssen"), allege and aver as follows:

## Parties

1.    Counterclaim plaintiff Reddy Ltd. is a public limited liability company incorporated and existing under the laws of India and having a principal place of business at 7-1-27, Ameerpet, Hyderabad 500 016, India.

2.    Counterclaim plaintiff Reddy, Inc. is a New Jersey corporation, having its principal place of business at 200 Somerset Corporate Blvd., 22 West, Bldg. 2, 7th Floor, Bridgewater, New Jersey 08807.

3.    On information and belief, counterclaim defendant Janssen Pharmaceutica N.V. is a corporation organized and existing under the laws of Belgium, has its principal place of business at Turnhoutseweg 30, B-2340 Beerse, Belgium and is a wholly-owned subsidiary of Johnson & Johnson.

4.    On information and belief, counterclaim defendant Janssen, L.P. is a limited partnership organized and existing under the laws of the State of New Jersey, has

its principal place of business at 1124 Trenton-Harbourton Road, Titusville, New Jersey 08560 and is a wholly-owned subsidiary of Johnson & Johnson.

5.      On information and belief, counterclaim defendant Synaptech, Inc. is a company organized and existing under the laws of the State of New York and has its principal place of business c/o Schwartz & Salomon, P.C., 225 Broadway, New York, New York 10007.

### Jurisdiction And Venue

6.      This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2202 and 2202. The basis for declaratory judgment is, as fully appears below, an actual controversy between Defendants and Janssen arising under the United States Patent Laws, Title 35 of the United States Code. This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Janssen in that, *inter alia*, Janssen voluntarily filed the complaint in this Court to which the counterclaim is directed and because Janssen is a Delaware corporation.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b).

### The Actual Controversy Concerning The '318 Patent

9.      On information and belief, counterclaim defendant Janssen holds an approved New Drug Application ("NDA") No. 21-169 for 4, 8 and 12 mg base tablets including the active ingredient galantamine hydrobromide, which was approved by the United States Food and Drug Administration ("FDA").

10. Reddy, Inc., as an applicant for an Abbreviated New Drug Application ("ANDA"), is required to make certifications with respect to patents owned or licensed by the NDA holder and which are published in the FDA's Approved Drug Products With Therapeutic Equivalence Evaluations ("the Orange Book"), relating to Janssen's 4, 8 and 12 mg base galantamine hydrobromide tablet products.

11. United States Patent No. 4,663,318 ("the '318 patent"), which allegedly expires on December 14, 2008, is listed in the Orange Book or Electronic Orange Book (www.fda.gov/cder/ob/default.htm) for the various Janssen 4, 8 and 12 mg base galantamine hydrobromide tablet products.

12. On or before April 29, 2005, counterclaim plaintiff Reddy, Inc. submitted to the FDA ANDA No. 77-593 under the provisions of 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of its 4, 8 and 12 mg base galantamine hydrobromide tablets ("the Reddy products").

13. Reddy, Inc. certified pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and §§ 314.94(a)(12)(i)(A)(4) and 314.95 of Title 21 of the Code of Federal Regulations that, to the best of its knowledge, the '318 patent is invalid, unenforceable, or will not be infringed by the manufacture, use or sale of the Reddy products.

14. Upon receiving FDA approval of ANDA No. 77-593, Reddy, Inc. intends to manufacture and sell the Reddy products in the United States.

15. Reddy, Inc. provided Janssen with written notice of the factual and legal basis supporting its Paragraph IV Certification on or about April 29, 2005.

16. Janssen filed the present action against Defendants on June 10, 2005 alleging infringement of the '318 patent under 35 U.S.C. § 271(e)(2)(A).

17.     An actual and justifiable controversy exists regarding the '318 patent by virtue of Janssen's Complaint.  Thus, an actual controversy exists between Janssen and Defendants as to whether there is any valid claim of the '318 patent that could be infringed by the manufacture, use and/or sale of the Reddy products, and whether Janssen has the legal right to enjoin Reddy, Inc. from manufacturing, using, selling and importing into the United States the Reddy products.  Defendants require an immediate declaration of its rights vis-à-vis Janssen with respect to the '318 patent.

### First Counterclaim

### Declaratory Judgment Of Non-Infringement

18.     Defendants incorporate the averments of paragraphs 1-17 of these counterclaims as though fully set forth herein.

19.     The manufacture, use, offering to sell, sale, and/or importation of the galantamine hydrobromide tablets that are the subject of ANDA No. 77-593 will not infringe directly or indirectly any valid and enforceable claim of the '318 patent.

20.     Reddy, Inc.'s filing of its ANDA No. 77-593 did not infringe any valid and enforceable claim of the '318 patent.

### Second Counterclaim

### Declaratory Judgment Of Patent Invalidity

21.     Defendants incorporate the averments of paragraph 1-20 as if fully set forth herein.

22.     This counterclaim is for a declaration that each and every claim of the '318 patent is invalid under the United States Patent Laws, Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**WHEREFORE**, Defendants respectfully request that this Court:

(A) Declare that none of the claims of the '318 patent are infringed by Reddy, Inc.'s filing of an ANDA seeking FDA approval to manufacture, use, and market the Reddy products.

(B) Declare that all claims of the '318 patent are invalid under the United States Patent Laws, Title 35 of the United States Code;

(C) That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

(D) That Defendants be awarded their attorneys fees and costs of suit; and

(E) That the Court award such other and further relief as this Court may deem just and proper.

## Jury Demand

Defendants demand a jury trial of all issues in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stuart Sender
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Tel: (973) 379- 4800

Dated: August 23, 2005

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson

*Attorneys for Defendants/
Counterclaim Plaintiffs*

696190

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on August 23, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on August 23, 2005, I have Federal Expressed the documents to the following non-registered participants:

| | |
|---|---|
| George F. Pappas | Steven P. Berman |
| Roderick R. McKelvie | Office of General Counsel |
| Christopher N. Sipes | Johnson & Johnson |
| Jeffrey B. Elikan | One Johnson & Johnson Plaza |
| Laura H. McNeill | New Brunswick, NJ  08933 |
| Covington & Burling | |
| 1201 Pennsylvania Avenue, NW | |
| Washington, DC  20004 | |

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz
        David E. Moore
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

696206