IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 05-380-KAJ |
| DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD., | ) ) ) ) ) |
| Defendants. | ) |

**JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., AND SYNAPTECH, INC.'S
REPLY TO COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants Janssen Pharmaceutica N.V., Janssen, L.P. (collectively, "Janssen"), and Synaptech, Inc. (collectively, "Plaintiffs"), by their attorneys, reply to the Counterclaims of Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively "Reddy"), as follows:

1. Paragraphs 1-42 of the Answer and Counterclaim of Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. are not part of the Counterclaims and require no response by Plaintiffs.

2. Plaintiffs reply that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Counterclaim Paragraph 1, and on that basis deny the allegations set forth therein.

3. Plaintiffs reply that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Counterclaim Paragraph 2, and on that basis deny the allegations set forth therein.

4. In response to Counterclaim Paragraph 3, Plaintiffs admit that Janssen Pharmaceutica N.V. is a wholly-owned subsidiary of Johnson & Johnson, is a corporation organized and existing under the laws of Belgium, and has its principal place of business at Turnhoutseweg 30, B-2340 Beerse, Belgium.

5. In response to Counterclaim Paragraph 4, Plaintiffs admit that Janssen, L.P. is a wholly-owned subsidiary of Johnson & Johnson, is a limited partnership organized and existing under the laws of the State of New Jersey, and has its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

6. In response to Counterclaim Paragraph 5, Plaintiffs admit that Synaptech, Inc. ("Synaptech") is a company organized and existing under the laws of the State of New York and has its principal place of business care of Schwartz & Salomon, P.C., 225 Broadway, New York, New York 10007.

7. In response to Counterclaim Paragraph 6, Plaintiffs admit that Reddy has filed counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that Reddy has stated a claim upon which relief may be granted. Plaintiffs admit that an actual controversy exists between Reddy and Plaintiffs, which has arisen under the United States Patent Laws, Title 35 of the United States Code. Plaintiffs further admit that this Court has subject matter jurisdiction over the action based on 28

U.S.C. §§ 1331 and 1338. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 6.

8. In response to Counterclaim Paragraph 7, Plaintiffs admit that this Court has personal jurisdiction over Janssen in this matter. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 7.

9. Plaintiffs admit the allegations of Counterclaim Paragraph 8.

10. In response to Counterclaim Paragraph 9, Plaintiffs admit that Janssen, L.P. is the holder of approved NDA No. 21-169 for galantamine hydrobromide tablets in doses of Eq. 4 mg base, 8 mg base, and 12 mg base. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 9.

11. Counterclaim Paragraph 10 contains conclusions of law rather than allegations of fact for which a response is required. Insofar as a response is required, Plaintiffs deny the allegations of Counterclaim Paragraph 10.

12. In response to Counterclaim Paragraph 11, Plaintiffs admit that United States Patent No. 4,663,318 ("the '318 patent") is listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with Janssen's NDA for 4 mg base, 8 mg base, and 12 mg base galantamine hydrobromide tablets.

13. Plaintiffs reply that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Counterclaim Paragraph 12, and on that basis deny the allegations set forth therein.

14. Plaintiffs reply that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Counterclaim Paragraph 13, and on that basis deny the allegations set forth therein.

15. Plaintiffs reply that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Counterclaim Paragraph 14, and on that basis deny the allegations set forth therein.

16. In response to Counterclaim Paragraph 15, Plaintiffs admit that notice letters dated April 29, 2005 were received, which contain Reddy's assertions concerning the '318 patent. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 15.

17. In response to Counterclaim Paragraph 16, Plaintiffs admit that on June 10, 2005, Plaintiffs sued Reddy in this judicial district alleging infringement of the '318 patent under 35 U.S.C. § 271(e)(2)(A). Plaintiffs further admit that in the suit against Reddy they have sought a judgment declaring that Reddy's manufacture, use, offer for sale, or importation into the United States of the galantamine hydrobromide products for which approval is sought in ANDA No. 77-593 would constitute infringement of the '318 patent, or would induce or contribute to such infringement, pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

18. In response to Counterclaim Paragraph 17, Plaintiffs admit that there is an actual and justiciable controversy between the parties as to the infringement and validity of the '318 patent. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 17.

19. In response to Counterclaim Paragraph 18, Plaintiffs reallege their responses contained in the preceding paragraphs as if fully set forth herein.

20. Plaintiffs deny the allegations of Counterclaim Paragraph 19.

21. Plaintiffs deny the allegations of Counterclaim Paragraph 20.

22. In response to Counterclaim Paragraph 21, Plaintiffs reallege their responses contained in the preceding paragraphs as if fully set forth herein.

23. Plaintiffs admit that Counterclaim Paragraph 22 recites that "[t]his counterclaim is for a declaration that each and every claim of the '318 patent is invalid under the United States Patent Laws, Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116," but Plaintiffs deny that Reddy has stated a claim upon which relief may be granted. Plaintiffs deny the remaining allegations of Counterclaim Paragraph 22.

24. Plaintiffs deny that Reddy is entitled to any of the relief it has requested.

25. Any allegation not specifically admitted is denied.

26. Plaintiffs deny that Reddy is entitled to a trial by jury based on any Count in the Complaint or any Counterclaim.

**Affirmative Defense**

27. Reddy's Counterclaims are barred in whole or in part because they fail to state a cause of action upon which relief may be granted.

## Prayer For Relief

WHEREFORE, Plaintiffs seek the following relief:

A.  A judgment dismissing with prejudice Reddy's Counterclaims and each and every Prayer for Relief contained therein;

B.  A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

C.  An award of costs and expenses of Plaintiffs in defending these Counterclaims;

D.  A judgment including each and every Prayer for Relief sought by Plaintiffs in the Complaint; and

E.  Such further and other relief as this Court determines to be just and proper.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D.#2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: 302-654-1888
Fax: 302-654-2067

*Attorneys for Plaintiffs*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: September 12, 2005
161269.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2005, the attached **JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., AND SYNAPTECH, INC.'S REPLY TO COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899 | HAND DELIVERY |
| Stuart D. Sender, Esquire<br>Budd Larner, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ  07078 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day